## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DWAYNE ROBISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:19-cv-3216-JCH |
| RONEY HANNA, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dwayne Robison, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepaying fees or costs. The motion will be granted, and this case will be dismissed, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In the instant motion, plaintiff indicates he has no monthly income and no money in his inmate account. He also avers that he has an outstanding debt of $108. Accordingly, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). However, plaintiff is not excused from paying the full filing fee. The agency having custody of plaintiff will be directed to begin forwarding payments from plaintiff's inmate account, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

### The Complaint

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. Since May 2, 2019, he has filed 15 civil actions, many of which assert duplicative claims.[1] To date, 13 of his cases have been dismissed. However, on the date he filed the instant complaint, he was not yet subject to 28 U.S.C. § 1915(g).

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against Roney Hanna, his case worker. He sues Hanna in her individual capacity. He states that the events giving rise to his

---

[1]*Robison v. Ivy,* No. 4:19-CV-1180 NAB (E.D.Mo); *Robison v. Sanderson,* No. 4:19-CV-1182 AGF (E.D.Mo.); *Robison v. McIntyre*, No. 4:19-CV-1870 DDN (E.D.Mo); *Robison v. Sanderson*, No. 4:19-CV1871 JMB (E.D.Mo); *Robison v. Hovis*, No. 4:19-CV-1872 NAB (E.D.Mo); *Robison v. Lawson,* No. 4:19-CV-2013 (E.D.Mo); *Robison v. Hovis,* No. 4:19CV-2292 DDN (E.D.Mo); *Robison v. Salemen,* No. 4:19-CV-2368 JCH (E.D.Mo); *Robison v. Sanderson,* No. 4:19-CV-2480 SPM (E.D.Mo); *Robison v. Norman,* No. 4:19-CV-2642 AGF (E.D.Mo); *Robison v. Salsman,* No. 4:19-CV-2665 SNLJ (E.D.Mo); *Robison v. Koyn,* No. 4:19-CV-2666 SNLJ (E.D.Mo); *Robison v. Hanna,* No. 4:19-CV-3216 JCH (E.D.Mo); *Robison v. Sanderson,* No. 4:19-CV-3223 RLW (E.D.Mo); *Robison v. Kopp*, No. 4:20-CV-170 JAR (E.D.Mo).

claims occurred at Farmington Correctional Center ("FCC"), and Jefferson City Correctional Center ("JCCC").

> Plaintiff alleges that Roney:
>
> Denied me the chance to get out the hole she has [illegible] keep me excuse by give me 30 day [illegible] after I have layed down and she keep telling me she would let out but never did P.S note she also told me afternoon 26.19 I would be released to GP but she gave me 30 day. Mrs. Roney has violated my Eight Amendment right by isolated me in [administrative segregation] by confine me in a one man cell and also denied my right to go to protected custody due to me being transgender and a reg. sex offender.

(ECF No. 1 at 3-4). Plaintiff also alleges that another caseworker allowed other offenders to "put there hand on me break my jaw and beat on me for 20 min and no one don't do nothing" [*sic*] because Roney keeps alleging that plaintiff "keep check out cell . . .". *Id.* at 4. Plaintiff states the foregoing amounts to unconstitutional conditions. He seeks monetary relief.

Plaintiff attached to the complaint copies of an Informal Resolution Request ("IRR"), Grievance, and Grievance Appeal, along with the responses he received. In plaintiff's IRR, he complained that housing unit 2 staff put him in cells with offenders he disliked. In response, it was indicated that plaintiff had declared protective custody and had his enemies listed, and he would not be housed with offenders on his enemy list. However, it is also indicated that plaintiff later told the protective custody committee that he did not need protective custody. Plaintiff then filed a grievance in which he complained that staff was denying his request for a one-man cell and was instead putting him in cells with offenders he disliked. In response, it is indicated that plaintiff had repeatedly grieved the same issue, and that the issue was currently being addressed in the grievance process and would not be addressed repeatedly.

Plaintiff also attached a copy of a "Classification Hearing Form" dated October 1, 2019. Therein, it is noted that plaintiff stated he wanted to get out of the hole, and that he would go to

4

general population and sign his enemy waivers. In response, it is indicated that plaintiff was incompatible with the protective custody unit because he had received 27 conduct violations in the preceding year. It is also indicated that plaintiff had been assigned to disciplinary segregation until November 25, 2019, and that he would continue in his current classification and his protective custody needs would be reevaluated during his next hearing on October 29, 2019. The foregoing materials are considered part of the complaint for all purposes. *See* Fed. R. Civ. P. 10(c).

## Discussion

Plaintiff alleges that Roney gave him a 30-day review instead of ordering his release from segregation. It is unclear whether plaintiff alleges she did so once or twice. Plaintiff also alleges that Roney denied him protected custody status because he was transgender and a sex offender. While plaintiff does not specify the particular claim he wishes to bring, the Court construes his allegations as arising under the Due Process Clause. *See Solomon,* 795 F.3d at 787 (quoting *Stone*, 364 F.3d at 914) ("if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

Prisoners may claim the protections of the Due Process Clause, and may not be deprived of life, liberty, or property without due process of law. *Haines v. Kerner,* 404 U.S. 519 (1972). However, a procedural due process claim "is cognizable only if there is a recognized liberty or property interest at stake," and courts "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (internal citations omitted).

The Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995); *see also Phillips v. Norris,* 320 F.3d 844, 846-47 (8th Cir. 2003). Therefore, in the case at bar, this Court needs reach the question of what process was due only if plaintiff's allegations demonstrate that Roney's actions caused him to be subjected to conditions of confinement that imposed an atypical and significant hardship under *Sandin*. *See Beaulieu,* 690 F.3d at 1047.

Here, plaintiff alleges no facts permitting the inference that the conditions of confinement in segregation, or that being held in segregation as opposed to protected custody, imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Placement in administrative or disciplinary segregation does not, in and of itself, amount to an atypical and significant hardship. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (recognizing that the Eighth Circuit has consistently held that disciplinary segregation is not an atypical and significant hardship under *Sandin*). Also, plaintiff cannot demonstrate that an additional 30 or 60 days in segregation was unduly long. *See Orr v. Larkins*, 610 F.3d 1032, 1033-34 (8th Cir. 2010) (nine months in disciplinary segregation was not atypical and significant). Because plaintiff cannot demonstrate that Roney's conduct curtailed his protected liberty interest, he fails to state a cognizable due process claim. *See Beaulieu*, 690 F.3d at 1047 (a due process claim is cognizable only if the plaintiff identifies a constitutionally-protected liberty or property interest). Additionally, the materials attached to the complaint indicate that plaintiff was given a classification hearing on October 1, 2019, during which his statements were considered and it was determined he should remain in his current classification. It therefore appears that plaintiff was given procedural due process. "Due process is flexible and calls for such procedural protections as the particular situation demands," but its fundamental requirement is the opportunity to be heard

at a meaningful time and in a meaningful manner. *Mathews v. Eldridge,* 424 U.S. 319, 333-34 (1976) (internal quotations and alteration omitted).

Plaintiff also alleges that an unidentified caseworker allowed other offenders to "put there hand on [him] break [his] jaw and beat on [him] for 20 min" and "no one don't do nothing" [*sic*] because Roney had asserted allegations against plaintiff. While plaintiff does not specify the particular claim he wishes to bring, the Court construes his allegations as arising under the Eighth Amendment. *See Solomon,* 795 F.3d at 787 (quoting *Stone*, 364 F.3d at 914) ("if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

The Eighth Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners. *Perkins v. Grimes,* 161 F.3d 1127, 1130 (8th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 833 (1994)). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. *Id.* (internal citations omitted). Therefore, a prison official violates the Eighth Amendment if he or she "acts with deliberate indifference to a substantial risk of harm to the prisoner." *Perkins,* 161 F.3d at 1130 (citing *Farmer,* 511 U.S. at 834).

Deliberate indifference has both an objective and a subjective component. The objective component requires the prisoner to demonstrate a substantial risk of serious harm, and the subjective component requires the prisoner to show that the official had a culpable state of mind; that is, that he actually knew of, but disregarded, that risk. *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th Cir. 2002) (quoting *Perkins*, 161 F.3d at 1130). With respect to the subjective component, the

official must be aware of facts from which he could infer the existence of a substantial risk of serious harm, and he must also draw the inference. *Farmer*, 511 U.S. at 837. The Eighth Amendment is not violated when an official fails "to alleviate a significant risk that he should have perceived but did not." *Id.* at 838.

Here, plaintiff alleges nothing permitting the inference that he faced a substantial risk of serious harm, as necessary to establish the objective element. Even assuming that plaintiff had so established, he cannot establish the subjective element because he fails to allege facts permitting the inference that Roney or any other official was aware of facts from which she or he inferred the existence of a substantial risk of serious harm and disregarded that risk. Therefore, the Court concludes that plaintiff has failed to state a plausible Eighth Amendment claim.

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that this action must be dismissed because the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this __22nd___ day of April, 2020.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE